Citation Nr: 1448534 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-26 332 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUE

Entitlement to service connection for a cardiac disability, including as due to service-connected infectious hepatitis.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

D. J. Drucker, Counsel

INTRODUCTION

The Veteran had active duty service from June 1943 to February 1946.

This case initially came to the Board of Veterans' Appeals (Board) on appeal from March 2008 and March 2009 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Boston, Massachusetts, that denied the Veteran's claims for a compensable rating for infectious hepatitis, and service connection for stomach and heart conditions, respectively.

In March 2011, the Veteran testified during a hearing at the RO before the undersigned. A transcript of the hearing is of record.

In September 2011, the Board remanded the Veteran's appeal.

A September 2012 rating decision granted service connection for a gastrointestinal disability; this was a full grant of the benefits sought as to that issue.

In a December 2012 decision, the Board denied the Veteran's claims for service connection for a heart disability, including as due to service-connected infectious hepatitis, and a compensable rating for infectious hepatitis.

The Veteran appealed that portion of the Board's December 2012 decision that denied service connection for a heart disability, including as due to infectious hepatitis, to the United States Court of Appeals for Veterans Claims (court or veterans court). In a June 2013 Memorandum Decision, the Court of Appeals for Veterans Claims (court) vacated the Board's decision and remanded the matter to the Board for further development and adjudication consistent with its decision.

As noted in the Board's September 2011 remand and December 2012 decision, the issue of entitlement to service connection for a psychiatric disability is raised by the record. See August 2011 Board hearing transcript at page 5. The issue was referred to the AOJ, but was not adjudicated. This matter is, again, referred to the AOJ for appropriate development and adjudication.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

In the June 2014 Memorandum Decision, the court found that an October 2011 VA examination, on which the Board relied to deny the Veteran's claim, was inadequate. The court directed that the Veteran be afforded a new VA examination.

The Veteran was afforded a VA examination in April 2014, to determine if he had a cardiovascular disorder due to a stomach disability. The examiner did not specifically discuss the August 2006 private treatment records (including reports of electrocardiogram and echocardiogram tests showing arrhythmia) or the December 2009 VA examination report reflecting a diagnosis of bradycardia.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Ask the Veteran to clarify whether he has received any treatment for heart disease since 2009. Take the necessary steps to obtain records of any reported treatment.

2. After completing the development requested above, afford the Veteran a VA cardiovascular examination to determine whether the Veteran has current cardiac disability related to a disease or injury in service or to a service connected disease or disability, including infectious hepatitis. The examiner should note that the claims file was reviewed. 

The examiner should provide opinions with regard to the following:

a. Does the Veteran have a current cardiac disability (i.e. has such a disability been shown at any time since 2008)? The examiner should specifically discuss the reports of bradycardia and arrhythmia and whether these reports show a current disability.

b. For each such cardiac disability, the examiner should state whether it is as likely as not that the disability began in service or is otherwise related to a disease, injury or stressor in service. 

The examiner is reminded that the absence of evidence of treatment in service cannot be the only reason for a negative opinion. 

If a previously diagnosed cardiovascular disability is not found currently, the examiner should opine whether the prior diagnosis(es) was(were) erroneous or the previously diagnosed condition is in remission. 

The examiner should provide reasons for all opinions. 

If the examiner is unable to provide any requested opinion without resort to speculation, the reasons for the inability to provide the necessary opinion should also be provided. Any missing evidence that would enable the examiner to provide the opinion should be identified. 

3. If any benefit sought on appeal remains denied, issue a SSOC. Then return the case to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).